Case number 23-3466, United States of America v. Tyren Cervenak. Council for appellant, argument not to exceed 20 minutes per side. Council, you may proceed for the appellant. Good afternoon. May it please the court, Catherine Shusky on behalf of Tyren Cervenak. I'd like to reserve five minutes for about. The elements of Ohio's robbery statute are broader than extortion because the theft offense element is defined in ways that do not require obtaining something of value from another. We all agree that not all theft offenses in 29-1301K involve the taking of property. The government even concedes this point on page ID 18 of its supplemental brief. We also all agree that the theft offense is an element of robbery, which is required to be proven. The only dispute is what theft offense we use when one is not specified in the available shepherd documents. The Supreme court has already answered this question and said, we must presume the least culpable of the elements. The government here attempts to avoid this binding precedent by arguing that Ohio law presumes some default theft when one is not specified. Well, I mean, they sort of say that Smith makes theft that underlying offense. So, um, why, why aren't we bound by that? Smith doesn't hold that. I think the government misread Smith. Smith's, um, only hold Smith does not hold that 29-1302 theft is the only available theft offense when one is not pled in the indictment, that case only stands for the proposition that 29-1302 theft is a lesser included of robbery by 29-1302 theft. So could some of the other theft offenses be less included offenses of robbery as well? Sure. If it's pled that way, right? So, uh, there have been a litany of cases since Smith that have continued to note that, uh, robbery, I'm sorry, that the theft offense could be predicated on any number of those 29-1301 theft offenses. And I cite a sample of those at page ID eight in my reply brief. So it's not accurate to read Smith in that way because the appellate courts in Ohio are still understanding that theft is defined, the theft offense is defined broadly in 29-1301 K and not limited to just theft in 29-13. Do you think it's an error for them? Um, um, not to specifically include the predicate theft offense in the, in the statute, an error under state law, whether it's the state law indictment clause, or just maybe our federal due process precedent that all elements have to be in the indictment or in the charging document. The Ohio courts have said it's not an error. What they've said is as long as it tracks the language of the statute and it does list theft offense, sorry for the air quotes, but it does list those words and what, um, the court in here in Brown said after looking at the Ohio case law, what it said was it's not an error if it tracks the language of the statute and if the defense needs additional information about what the predicate theft offense is, the bill of particulars is available. And so, um, that is what the majority of the cases that the government cites at page, I do 22 and 23, but supplemental brief have done. Is there any reason as a matter of Ohio law that Smith could not have said that the default is theft? If there's silence, the default is theft. I mean, is there any reason under Ohio law that wouldn't have made sense? I'm not saying they did it. I'm asking whether they could have done it. I think it would be inconsistent with the plain language of the statute, but the Ohio courts can certainly interpret their own statutes. Um, but I don't see how you get to that. And why would it be inconsistent with the plain language of the statute? In other words, if it's unspecified, why couldn't they have a presumption under Ohio law? Because the, the, the robbery statute expressly defines it as theft offense has the same meaning as in 29, 1301, which includes a litany of cases, right, or statutes, right? If the legislature wanted to limit it, it would have said it's defined in 29, 1302 with a presumption. So a defendant would never know back to judge Murphy's question, what was charged unless they got a bill of particulars, which one? Well, in that, in that circumstance. In all practicality, what happens is you can tell from the discovery, right? It's obvious from the discovery what the predicate theft offense is. If it's unclear, the defense can then move for a bill of particulars. That's what the, the rule in Ohio law provides, right? That rule seven provides that opportunity. So all of the cases in which the government's not all, most of the cases in which the government cites for the proposition that there is some sort of default, there were a bill of particulars as any due process problems. You answered the first part about Ohio law, but not the second. I don't think there's a due process problem because there isn't a, a available means for the defense. If it's unclear to seek clarity. Why, why wouldn't it be unclear? I mean, you may have a pragmatic instinct about what the underlying facts are, but I mean, what, what is the stop the government from switching at the, at the jury instruction stage or at some other stage what underlying theft offense is being charged? When does the government have to disclose, because these are, this is essentially 31 different robbery crimes. Once we say it's a separate element, it means that there are 31 different crimes at issue here. And at some point the government has to establish the crime beyond a reasonable doubt. And in order to do that, you have to say what the crime is. Right. And I think if it got to the point where you're at trial and the government change, or sorry, the state changes, right? What the theory is or what we all understood to be the theory, there could be then a motion to restrict or objections to the jury instructions, that it should be limited to a certain predicate theft offense, because that's what everyone understood there to be. There, there in theory could be a notice problem, but what the courts have said, what the Ohio courts have said is if it's unclear, the defense just needs to file for a bill of particulars and they routinely do. And what, what happens if they do something inconsistent from the grand jury to trial? Well, that's, I don't know the answer to that question. That could be a problem. The defense probably wouldn't know that because we never see what happens in the grand jury. So in all reality, I don't know that the defense would ever know that. Counsel, we're talking about a due process problem if this information isn't the indictment. My understanding is this case was based on a plea, right? And Mr. Servodak pled to something specific. Would there be a due process concern or even a sixth amendment concern as expressed like in the Camps case about essentially now saying he's pled to a particular type of crime that, that wasn't specified, that, that wasn't, wasn't there? I think, I think I'm going to answer the question, but take a step back just for a second. I think we, we need to remember that as the federal court, we're looking at only a limited number of documents, right? And because we're limited by those shepherd documents, we're only seeing a part of the picture. So I can't say that there isn't clarity, right? In the state court, especially in Mr. Servodak's case about what his theft elements was. What I'm saying is it's the government's burden to prove that the predicate offense, that the prior conviction is a career offender predicate. And here they have produced no evidence of what that theft offense is. So sitting here in the federal court, we're limited to what we can look at. All we have are the documents that the defense put in. And frankly, the government didn't seek to admit the plea transcript or the sentencing transcript, because one can look at any facts that were necessarily admitted by the defendant. They didn't put anything in the record. So to answer your question, coming back to it, right, I don't know exactly what happened in the state court. Potentially there was a due process, but I don't know that for sure. There probably was some agreement in his plea about what that predicate theft offense was. The federal courts can only look at so many documents. The Supreme court has said so in Shepherd. So we're stuck with what we can look at. What happens to the fact that he didn't object to the facts underlying the offense in the PSR, right? Am I correct about that? Is my memory correct? That is correct, your honor. And so, right. We know the facts are that he pointed a gun at people and ordered them to hand over what they had. We don't know that with all due respect. We know that he didn't object to that. Okay. But that means it's admitted as we traditionally treat PSR. It's not admitted as far as what the predicate, but the elements. No, I agree. I'm not disputing that, but you said we don't know the facts, but the facts at their disposal, because we know the undisputed facts of what he did.  But what we do know is that the Supreme court has said in Shepherd very clearly about what we can look at to determine what is a prior crime of violence. So that's what we're limited with right now. Again, I want to be clear that I'm not standing before this court, asking this court to say that every Ohio robbery statute is not a crime of violence. I am only saying that robbery statutes, when the government does not prove what the predicate theft defense was, is broader than both extortion and theft. Which of the theft defenses that don't involve taking the property of another makes sense as robbery offenses? For example, like tampering with records or cheating at sports or defrauding a creditor, it doesn't seem to me realistic that any of those could be robberies. So I'm just curious, which ones are you pointing to as kind of that could happen? Well, this court has already said in Brown and in Ivey, right, recognize that breaking and entering and burglary, right, are examples. So one could, under 2911.12, which is the burglary statute, by force, stealth, or deception, trespass in a habitation where another's present or likely to be present, and then with the robbery, all that needs to happen is that there is some harm in fleeing. So there doesn't need to be a taking. So I break in to beat somebody up or something and then, or do it. Or you're just trespassing, right? So, I mean, there could be situations in when there's no taking.  But there are no, but we don't have any examples, I take it. No, but that, again, that is not Mr. Cervanek's burden to show a realistic probability that the state would charge a crime that they've already put on the books, right? So the Ohio legislature, for whatever reason, has chose to define theft offense in this broad way, this court can just look at the elements of that statute and determine that it is broader than generic robbery or extortion. Because it... Counsel, why is it, how would you define generic robbery? And why is it broader than generic robbery? Well, generic robbery, this court has said multiple times, right, is a misappropriation of property. In opinions that are not binding today, correct?  Right. But I think, I don't even think the government's in dispute. There's no dispute that it's misappropriation of property, right? Which is a much broader term, right, than what we're talking about with extortion. It is broader in some ways, right? But there still is a misappropriation of property. I'm saying that, take burglary, for example, there's no misappropriation of property. So there, it's still broader, right? Because there's no taking in that sense, right? And it could be attempted taking all that sort of stuff, but it is broader. And it's broader for the same reason that it's broader than extortion. Although those definitions do have some daylight in between them. If we throw out the Ohio, if Ohio robbery doesn't qualify as extortion or robbery, what would a holding like that imply for, for example, Kentucky or Michigan or Tennessee robbery? I'm not in a position to answer that. I don't know what their statutes are. I haven't, I haven't... Your client doesn't really care. That's an argument for the next panel. I don't know. I apologize, but I don't know. If we could go back just a second. One of the things that we're kind of talking around here is what role does looking at Ohio law play in trying to answer this open question? And one side says that there's essentially a presumption that you look at the least culpable conduct, but that's based on Johnson and Moncrief. And if you look at Johnson and Moncrief, it sets forth that rule, but then it goes on and says, there are two caveats to that one is the shepherd document caveat. But then the second caveat that they spell out right after the section that you all quote says that we shouldn't apply our legal imagination to the state offense, which I read to say, in essence, we ought to look to the state court cases. And so we have to decide here, do we just look at the statute and apply that Moncrief presumption, or do we look at the state cases? And that second caveat seems to say, we look at the state cases, but you're opposed to that, right? I am opposed to that. And I will explain why. So the Moncrief, right, is dealing with the scope of the element, right? And at that point, you would look to Ohio case law to determine what conduct is encompassed in the element itself. But if you look to the 2010 Johnson case that Moncrief cites, right, what it's looking at is it's Florida, I don't know if it's Assault of Battery, one of those, and it says, well, there's three different alternative ways one can, or two different alternative ways in which one can commit this offense. There was nothing before the court to determine what to the least culpable it was. So we assume that, and then we go into state law to find out whether intentional touching involved force, right? Because the element was intentional touching. They need to know what then, what could encompass that definition. What kind of force is required under state law for that? That's not what we have here. What we have here is we're still trying to define the elements. And no court has said, you have to look to state law to define the elements in offense. And if you take that to its logical end, it makes sense, right? So Ohio puts a new law on the books. We can't, as a federal court, determine that that's a crime until there's litigation about it. That doesn't make any sense. You, sitting here, can look at the elements of the statute. If you have questions about what the scope of those elements are, you do have to rely on state law. We have to certify this, or should we certify this question to the Ohio Supreme Court? I am only asking this court to certify the question to the Ohio Supreme Court if you're not willing to follow the plain text of the statute. I think the plain text of the statute... It's a plan B. It's plan B. I see my time is up. I'll reserve the rest for today. Thank you very much. Thank you. Hear from the government. Good afternoon. Good afternoon, Chief Judge Sutton. Your Honors, may it please the court. Jason Mannion on behalf of the United States. The Sentencing Commission singled out state and federal robbery offenses as one of only a few categories of crimes that it thought was worth specifically enumerating when it enacted the crime of violence definition. And it did so not because it was worried about giving higher sentences to thieves who were continuing in their thieving ways. It was worried about violent criminals who were continuing in their violent ways. And there's no dispute here that the convictions under both Ohio robbery statutes at issue always involve the violence and intimidation that the Sentencing Commission was focused on when it enacted that definition. You're saying both Ohio robbery statutes. I assume you're referring to aggravated robbery and plain robbery. That's right. Okay. So the analysis, whatever we, the analysis applies to both. Well, I think it does because the, our understanding of state law addresses whether 2913-02 theft is included in 2911-02 robbery. But the Ohio Supreme Court has also said that 2911-02 robbery is a lesser included offense of 2911-01A1. So I think if we're right about that first step, then that would apply equally to the aggravated robbery statute that was at issue in Ivey.  So I'm sorry, go ahead. Go ahead. Judge Mathis. We're talking about the lesser included. Smith says that theft is a lesser included, theft is a lesser included offense of robbery. From your view, does that mean that that's the only lesser included offense of robbery? No, it doesn't. But we do think it's the only lesser included offense of robbery in the category of cases at issue here, where the Shepard documents... Where does that come from? It comes from the language of Smith that starts with saying that 2913-02 theft is a lesser included offense of 2911-02 robbery, and that you cannot commit a robbery without committing that theft offense, but then it also... But theft was named in the indictment in that particular case. And so in Smith, you know, it was a robbery charge, but the defendant was only convicted of theft. So he's challenging whether theft is a lesser included. So how could the court have addressed any other theft offense other than theft in that particular case? Well, respectfully, Your Honor, the indictment did not list 2913-02 theft. There was no theft offense. It lists theft, right? It has factual allegations, like a speaking indictment that suggests that there was a theft. It says theft of retail merchandise from Macy's, right? Sure. But it doesn't say 2913-02 theft. It describes facts that suggest that that likely was the theft offense at issue there. But you can't tell from the indictment that that was the theft offense. But even if you disagree about Smith, I'd encourage you to look at all the other cases that we cite in our brief that where the state courts of appeals use 2913-02 as an element of the offense, even though the indictment did not list that explicitly and also did not have those kinds of factual allegations. But those courts can look at the conduct, the actual trial transcript, and see what the conduct was. Well, they can't if that's an element of the offense. When you're doing a sufficiency of the evidence, you need to know from the get-go what the elements of the offense are, and then you can measure the evidence against those to see if that proved an offense. You don't retrofit, you don't search the state code for elements that might match conduct that was presented at trial in a sufficiency analysis. What do you do with your friend on the other side's argument that they just don't follow what I view as our interpretation of the Sixth Amendment, which is every element must be in the indictment? I know, I think that indictment provision doesn't apply to the states, but so the states can have a more looser interpretation, which is fine for purposes of the constitution, but maybe it hinders your argument here because they don't need to include every element in the indictment. I agree that under state law, there is not a requirement to list the specific theft offense, the Ohio Supreme Court has said that. They've said you only need to track the language of the statute, but still, when courts of appeals in the category of case we're talking about here, where there isn't a theft offense listed, courts of appeals routinely, and as far as I can tell, uniformly, use 29-13-02 theft as the theft offense when doing a proficiency of the evidence analysis, and they do that even without the indictment saying so, if there's a bill of particulars, without the bill of particulars saying so either. We cited a number of cases like that in our brief, and so it's our understanding that state law has this rule that 29-13-02 theft is the theft offense in this category of cases where there is no theft offense specifically listed. That doesn't mean that a prosecutor couldn't use- Why would they do it that way? I mean, that might make sense if 99% of the 31 were theft offenses, but many of them aren't related to theft. Why would you have this default when there are quite a few things that just don't look like theft? Well, my first answer is it doesn't have to make sense to this court. If the state courts do it this way, this court is bound by that interpretation, even if it doesn't make sense, but I think it does make sense to have a default rule, but it gives notice to defendants of what the theft offense they're facing is. It's not a bad default rule. It leads prosecutors to be less specific. It's also hard to give notice if we can't even tell if it's a rule or not. I'm curious, you said this is what state courts just do, and they uniformly will just presume theft if the Shepard documents don't say which one of the 29-1301 theft offenses is. If we had examples that they weren't doing that, that they assumed something else, like one of your sufficiency cases, would that be enough to debunk your theory? Well, not necessarily. Sometimes state lower courts get state law wrong. I point this court to Wilson, for example, where Wilson looked at Ohio state law to determine whether the particular theft offense was an element of the robbery offense, and it found most indications said yes. It found one state court of appeals that said to the contrary, and it said, we just don't understand that to set forth accurate state law in that respect. If a state court of appeals, for example, said someone was convicted of robbery, and they were contesting the sufficiency of the evidence on appeal, like many of the cases that you cited to us, and the state court of appeals came back to us, or not to us, but decided that case and said, yes, this was sufficient evidence of robbery. There was nothing in the Shepard documents, but they meet all of the elements of robbery, whether it's version A, B, or C, and the predicate theft offense could have been unauthorized use of property, so not obtaining any property, but unauthorized use of property, which is one of the theft offenses. Would that be wrong? Would that be a wrong application of Ohio law? Based on our understanding of Ohio state law, yes, that would be wrong. And you couldn't use any of the other theft offenses because it was silent in the Shepard documents, and so theft could be the only one that they could use? I think that's right. I don't have, but I think the best case- I will give you, there's at least that case, if not many others, too, where the Shepard documents are silent, and they presume other theft offenses, that's state versus Swartholt. I'm not sure you're familiar with that one based on your briefing. I have another question. If I'm an Ohio prosecutor, right, and I have a case where there's breaking and entering theft offense, right, maybe with an intent to beat someone up or something like that, or vandalize, not take anything, breaking and entering, I do with a gun. Can I not charge that as robbery under your theory? No, our theory is that- But theft wouldn't be a lesser included offense. Theft under 29-1302 would not be a lesser included offense in that case.  So we understand that rule to apply to the category of cases at issue here, where the Shepard documents are blank. We don't understand- So the Smith is a rule only for cases where the indictment is silent. That's, in our view, what the Smith indictment was. And that's where we see that rule applied by the Ohio state courts. So we don't believe that the Ohio Supreme Court prohibited prosecutors from still choosing one of the other 31 theft offenses, if that's what the conduct did. But we understand them to have to actually specify that in the indictment. If this is such a natural rule, what's the downside of certification? It would seem, if your convictions are accurate, that that's just what the Ohio Supreme Court would say if they accepted the certification. Sure. So we have opposed certification based on this court's case law about not granting it when it wasn't asked for before the party asking for it received a negative result. I think the only other main downside is the delay that comes from that. The last case that this court certified was to the Ohio Supreme Court that I'm aware of was in September 2023. And the decision didn't come out until yesterday. So there's a there's a quite long lag time if you take the certification route. We don't want we don't want to fight that too much. If this court truly cannot tell what state law is in this context, then state courts are the ultimate expositors of state law. And we do think that they can give a definitive answer in ways that this court can or could settle it based on its understanding of state law. But if you if you cannot find a clear and principled course, which I think is what this court's cases on certification say, then certification may be the appropriate remedy. Help help practices. I'm just curious how how important this decision is. Does is it a matter of routine that prosecutors do not charge the specific theft offense? Or is it just it just so happens it's been like five or six cases in our court? It's it happens frequently. It's not uniform. So after after this court's cases in particularly in Ivey and then Rice, after we've had in the twenty nine eleven oh one a one context to see whether it's specifically listed twenty nine thirteen oh two. Some counties now do that routinely. We're seeing that more and more now. But I think still the majority of cases don't list a theft offense. I think I speak I won't try to speak for any of my colleagues, but I'm one of these people who doesn't love the categorical approach. And one of the things that we have to do in the categorical approach is kind of look at the plain language of the state statute and figure out the elements. It sounds like based on your argument that you're giving us another step to do in a categorical port approach, which is divine a state law default rule from a practice. Is that what we're going to have to now do in all of our categorical approach cases? Because Smith, I mean, I think you admit Smith doesn't say that this is the default rule when nothing is specified. There's no case that says that you're telling us that that's the practice based on pulling up all these indictments and all this sort of thing. Is that is that now part of our categorical approach analysis? Because I would be scared. So I'd answer that two ways. This kind of analysis won't always come up. I think the question of what is an underlying offense on which another is built, that happens sometimes in Ohio state case law, that doesn't happen in many state statutes that you'd be looking at. But I'd also just say that I think we're not asking this court to do anything different than what this court did, let's say, in Burris. There, the court started by looking at the language of the statute. It said our read of the language is that the language is too broad because it prohibited some kinds of mental harms in addition to physical harms. The court next said, well, has the Ohio Supreme Court narrowed that from what the apparent scope of the language was? In that case, the court said no, but it still did that next step of saying has to have the Ohio courts narrowed it. It then went to a third step. Why shouldn't we do that exactly here? Say the statute is clear. And it hasn't been narrowed by the Ohio Supreme Court. We have a different view of Smith, but it's clear that there are 31 theft offenses. It could be any one of those. That's the end. So if if you reject our view of what the state courts have done, then the next step in the Burris approach is to look whether, in addition to the state law being too broad on its face, whether the defendant had been able to point to any specific cases where the Ohio courts had applied the statute to conduct outside the relevant federal definition. Burris, even after it said we think the state statute is too broad on its face and we can't find case law evidence to the contrary, it still employed the realistic probability test, which I know my friend on the other side thinks that that doesn't apply here. Burris applied it here. There's no reason not to apply it here. And the there are no such cases that anyone's been able to find that show that the conduct in the case was broader than what the federal extortion definition allowed. So we think that we win under the Burris approach, both because we think that the state courts have narrowed for this category of cases what might otherwise be the way that you read the Ohio statute. And even if you think that's wrong, no one's ever been able to present individual cases that show otherwise. Can't the text provide the reasonable probability? That wasn't this court's approach in Burris. This court in Burris said, we think the text is too broad. We can't find evidence that the courts have narrowed it. But still, we need actual cases showing that. And I can tell you the Fifth Circuit on Bank. I do think there's a bit of a circuit split on that issue. The Fifth Circuit on Bank has said there's no clear statute exception to the Duenas-Alvarez rule. But some circuits have said that the plain text of the statute can provide that. I would say, though, that should always be the plain text as interpreted by the state courts. And we think that's a meaningful addition. If we disagree with you on extortion because we see the categorical approach differently, we have to assume that it could be any of these 31 predicates. Do you automatically lose on robbery also? No. So we do have one more argument for why we might not lose on extortion even then. But on robbery, we've presented our view of how determining what the generic version of offense works. And your question, I think, earlier keyed in on that. This court's case law talks about how there's a difficulty in coming up with one federal definition that covers every variation that states might use in the way they define their statutes. And this court has interpreted the Supreme Court's precedence in this area as instructing you not to define it in so narrow of a way that it would disqualify any meaningful number of state statutes. If you think that this, if this court thinks that this structural choice that Ohio used when it defined its theft defense is enough to disqualify a robbery statute, even under robbery, under the generic robbery, that would disqualify as many as 18 states, including two of the three others in this circuit. OK, but I guess what I'm asking is, would all of the 31 predicates, you know, they wouldn't qualify as extortion, but would they all qualify as generic robbery? I think so, because even trespass or impersonating an officer, they could qualify as generic robbery. Yeah, so if we provided some examples in our brief, states have some pretty broad conceptions of what a theft can constitute. They include injuring a fruit tree or making an illegitimate UPC code. So I don't think Ohio's list of theft offenses is meaningfully broader than other states that also have a list of theft offenses that can serve as predicates for a robbery offense. So if this court reaches the generic robbery question, we think we win there. We would ask this court, if possible, to resolve this on the extortion grounds rather than generic robbery, because resolving this case on generic robbery grounds will resolve this case, but it won't resolve most cases going forward. And that's because generic robbery is no longer relevant for cases sentenced under the 2023 guidelines and future guidelines going forward. So one thing that helps you in this case is, you know, we often have the state law question of mens rea. So we're sometimes asking a similar question. Is there a default? So it's starting to sound a lot like what's going on here. What's odd to me about this case is it turns as much on what a state court might say is on a state practice. And I'm just curious if in your research in the case, if you've seen other states kind of take this default approach. You know, we list a bunch of 31 different ways of committing robbery. You know, most of them are theft versions of robbery. Therefore, if you don't say anything, we assume it's theft. Is that something you've seen other state courts do? Your Honor, I admit that my research on other states law was not nearly as comprehensive for Ohio, so I can't answer that. Yeah, I know that on the face of their statutes, many of these states include a broad list of theft offenses, but I can't tell you whether they have a default in that scenario. Or have this narrowing construction idea. That's right. I think the default, if you don't mention it, is theft. And I can't tell you what other state courts have said about that. I apologize. No, no, no reason you shouldn't. Why would it be theft? I mean, it's a little odd as a statutory matter. It's like eighth on the list. So like if I were writing a list and I wanted to write a default, I'd put it first. Well, I mean, seems strange. So this list was not drafted for the robbery statute. This is a list. This list of theft offenses is used dozens of places throughout the Ohio Code. In fact, the first two are aggravated robbery and robbery. So it just wasn't designed for the robbery statute. So I don't think you can take clues from where on the list theft falls. We just point you to what the state courts have said when they need to know what the elements of the offense are in order to determine if there was sufficient evidence. And when the state documents don't tell you otherwise, that they, as far as I can tell, uniformly apply 29-13-02 theft. There might be an exception to that, but I've not seen one. So I just want to make sure I understand your argument. When a statute on its face recites 31 predicates and let's I know you disagree with this, but let's say that the state case law does not make clear that one of them is the default. Your argument is that in that circumstance, it is the defendant's obligation to show that, in fact, if the defendant wants to point to one of these 31 as falling outside of the definition, it's the defendant's obligation to show that, in fact, that predicate had been used in some case in order to convict somebody under this this section. I see my time is up, but is that your argument? I mean, I think essentially, yes. And that comes from Burris. That comes from my Burris have this. I forget. It's been a while. Did Burris have this long enumeration or was it like one vague phrase? And it's kind of what fits in that phrase. I wouldn't even say it was a vague phrase. It was a definition of serious physical harm that included some forms of serious mental harms. OK, this court in the opinion says we agree that. OK, I understand it. Thank you. It brings it back. I mean, isn't that different from an enumeration of statutory sections that could be each one could be a predicate? Isn't I mean that I mean, it's it's the positive law saying these things are predicates as opposed to, you know, what does this word mean? It's like this section, you know, and and they say if they can demonstrate that one of these sections is outside the definition. I mean, why do they have to go farther and say, yeah, and there's this case in, you know, whatever county where this one guy got convicted? But I point you back to Burris Burris says we accept that there are some mental harms that won't necessarily involve force. We accept that that is a possible way that this charge could be charged and convicted. OK, and this court says you still need to show actual cases. Now, the defendant in that case had actual cases, and therefore this court disqualified the statute, but it still required those. OK, that's thank you. I appreciate it. All right. Thank you, Mr. Mann. You appreciate it. Mr. Ski got some rebuttal here. Five minutes, I think I just have a few issues to discuss. So let's start with Burris Burris. The element in Burris was serious physical harm. That statute then further defined that element with various means in which that that element can be met. That illustrates my example is when we're looking at means or facts that can satisfy an element, you do look to state law. That's what Moncrief says, right? That's not what we're doing here. We're just trying to define elements. So Burris doesn't stand for the proposition that we can look to state law to define an element. But you can still have defaults. I mean, that's not a crazy idea. There's just no evidence that Ohio has a default. I don't think state versus Smith does not stand for the proposition that twenty nine thirteen oh two is the default theft. All it stands for is that that defendant, Miss Smith, was charged with theft of property from Macy's. The bill in particular specified it. She was tried with that. There were jury instructions on that. And what about the court of appeals cases? Yeah, I mean, it looks like there's a practice that treats it as a default. So it doesn't prove they're right, but it does prove it's an issue. It proves that. So I will say that the majority of the cases that the government is citing, there were bill of particulars filed. So there wasn't even a dispute. So we're talking about the Valani, the Simonis, Cooper, Smith, Tenbrook, Keller, Wells, their bill of particulars was requested. There would be no reason for the defense to file for a bill of particulars if there was truly a default under Ohio law. So what I'm saying is now we're introducing prosecutors, state court judges and criminal defendants as to what the practice is. This is the crazy thing that I mean, if we're going to go down this road, this is where we're going, right? I guess we should certify to the public defenders, the the prosecutors, and we'll certify to the hospital. I'm prepared to tell you what the. But at least it's an odd number. It's an odd number. We'd have a victor. That would work. But why should why doesn't this prove we should just look at the statutory language and construe what the Ohio statute, which means to any normal lawyer reading that Ohio language? That's exactly what it means. That's exactly what we should do. And that's exactly what the Supreme Court has said we should do when we're applying the categorical approach. Right. So we can look to the modified categorical approach to determine what the elements were. But then you just look to the elements. You're not looking to what may be there, what may not be there. You're looking to how broad is the elements of that statute? You know, the best way to make your argument is to say what they're asking for is another Shepard document. That that was a way I thought about their case. This is very clever on behalf of the prosecution to say we don't have the right Shepard document. Here's how we'll get it. We'll certify it. We'll get them to say this or read the state court cases that way. But the fact that there's so many state court cases that seem to suggest someone's doing something along these lines does seem to make it a legal issue that's worth answering. I think, again, the the scope of what this court is looking at in the state court cases is limited. I don't think it's so limited to the state court that there is some sort of presumption of some sort of theft offense. I think in those state court cases, it's clear what that theft offense is. Again, it's the government's, but the government made no attempt to produce some sort of Shepard document here of a plea transcript or something where it may have been very clear what the theft offense for Mr. Cervanek was. So I think the government needs to be held to its burden. This court has repeatedly said it is the government's burden to prove that a career offender predicate meets the definition. They haven't attempted to do so. Going back to Judge Thapar, you had mentioned about what what do we do with the facts that the that are in the PSR that may be deemed admitted because they weren't objected to. Right. The district court can certainly rely on those in deciding whether an upward variance is appropriate. Right. But the district court cannot determine that that is a crime of violence because they don't have the facts. Right. They need the documents that the Shepard documents say we must rely on. But the court, if they don't have that and it determines they can't be classified as a career offender based on the missing documentation, they can determine that. Just so I understand it is, well, we win the battle, but could lose the war when it goes back. Potentially. Can I ask if we are going to require kind of an example in this case, like an example of a prosecution where obtaining something of value was was not what happened in the factual scenario. Do we depart with the first and the 11th, maybe the 10th circuit? Your your friend on the other side mentioned a circuit split. Maybe the fifth is on win way. Are we are we are we entering the split? To just make sure I understand the question. So you're asking if if if you're saying that Dwayne is a virus applies here. I'm not aware of. I'm embarrassed to admit I'm not aware of the Fifth Circuit case. So I don't know of any cases that say it does apply when the state statute is so clear. But we would depart from the first and the 10th and the 11th. Yes. And this court's decision in Laura. So this court has already held that there's no reason to read the statute more narrowly than it's already defined. Now, so what is the realistic probability standard apply here? The Supreme Court in Gonzalez said that it's the defendant's burden to show that the state would apply its statute to conduct that falls outside the generic definition of the crime. I mean, why don't we look to the practice of Ohio to determine whether there's a realistic possibility that this that would be applied again? And that goes to what Judge Blomkatz was just asking, right? That those cases that say that you need to that the defense needs to present. That's a Supreme Court case. I'm quoting Gonzalez from the U.S. Supreme Court. So why? I understand, Your Honor. But that but that case is limited to looking to state law to determine what conduct is encompassed in this. Don't we look at the practice of the state court to determine that? You can. The elements are defined by the statute. This court needs to look at the elements of the statute. That's what the Supreme Court has also said. Don't we look to the state court's interpretation of the elements? Only to the extent that this court is confused about the scope of those elements, what conduct is encompassed in those elements. Again, the Duenas-Alvarez case was dealing with the California theft statute. And the issue was, does the aiding and abetting that's included in the California statute, is that broader than what the federal law understands as aiding and abetting? And the defense in that case was arguing that, yes, it is, because it could be aiding and abetting and something that I don't intend. And they did a case review of the California law and said, no, it's within the scope of what we understand as aiding and abetting. So it is not beyond what we understand as that element. That's when you look to the state statutes or to the state cases to define the conduct, not necessarily the elements. All right. Thank you very much to both of your excellent briefs and excellent arguments. You did a great job answering all of our questions, both of you. Thank you very much. Really appreciate it. The case will be submitted and the clerk may adjourn court.